UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DONNA YOWELL, et al.                                    PLAINTIFFS

V.                              CIVIL ACTION NO. 3:23-CV-2969-KHJ-MTP

THE BOARD OF SUPERVISORS OF HINDS                 DEFENDANTS
COUNTY, MISSISSIPPI, et al.

ORDER

Before the Court is Plaintiffs' [12] Motion for Reconsideration of Clerk's

Denial of Default. The Court denies the motion.

I.      Background

This case arises from a property dispute. On October 10, 2023, Plaintiffs

Donna Yowell and Rebecca Hale filed an Amended Complaint. [3]. The Amended

Complaint named as Defendants the Board of Supervisors of Hinds County,

Mississippi; David Archie; and John Does 1–5. *Id.* ¶¶ 7–9.[1] Six days later, Plaintiffs

filed Returns of Service reflecting service of process on Linda F. Smith, the

Executive Assistant Senior to County Administrator. [4]; [5]; *see also* Smith's

Business Card [10-2]. On November 10, Plaintiffs filed a Motion for Entry of Default

against the Board and Archie for their "failure to plead, answer, or otherwise defend

in this action." [8]. Upon review, the Clerk declined to enter default, explaining that

he was "not satisfied that service of process on the individual identified in Returns

---

[1] Archie is the Supervisor for District Two of Hinds County, Mississippi. *Id.* ¶ 8.
John Does 1–5 are "Unknown Sheriff's Deputies and Constables of Hinds County,
Mississippi." *Id.* ¶ 9. Plaintiffs sue these Defendants in their individual capacities. *Id.* at 1.

[4] and [5] is sufficient on [D]efendants David L. Archie and the Hinds County Board of Supervisors under Fed. R. Civ. P. 4(e) and 4(j)(2), respectively." [11]. The Clerk noted that because "Ms. Smith is neither the President of the Board of Supervisors, nor the Clerk of the Board, nor its chief executive officer," Plaintiffs did not properly serve process on the Board. *Id.* He also noted that "there [is no] indication that Ms. Smith is authorized to accept service of process on . . . Archie," so Plaintiffs did not serve Archie properly. *Id.*

The day after the Clerk declined to enter default, Plaintiffs moved this Court to reconsider the Clerk's denial of Plaintiffs' application for entry of default. *See* [12]; [13] at 24. They argue service was proper, so the Clerk erred in finding otherwise and declining their application for default. *See* [12] at 2–3.

## II.    Standard

When a party files a motion for reconsideration of a ruling within 28 days of the order to be reconsidered, the Court analyzes the motion under the standard for a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e).[2] "There are three grounds for altering or amending a judgment under Rule 59(e): '(1) an intervening change in controlling law, (2) the availability of new evidence not

---

[2] Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Though no "judgment" has been entered yet, this Court and others within the Fifth Circuit analyze motions to reconsider interlocutory orders under Rule 59(e). *See, e.g., Insurasource, Inc. v. Fireman's Fund Ins. Co.*, No. 2:11-CV-82-KS-MTP, 2012 WL 1365083, at *1–2 (S.D. Miss. Apr. 19, 2012) (applying Rule 59(e) to motion to reconsider denial of summary judgment); *B&C Marine, LLC v. Cabiran,* No. 12-1015, 2013 WL 950562, at *1 (E.D. La. Mar. 11, 2013); *Garrison v. Texas S. Univ.*, No. H-11-2368, 2013 WL 247028, at *1 (S.D. Tex. Jan. 22, 2013).

previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" *Insurasource, Inc.*, 2012 WL 1365083, at *2 (quotation omitted); *see also TCF Equip. Fin. v. Sitework Specialties Utils. & Excavating LLC*, No. 1:18-CV-39, 2018 WL 11240372, at *1–2 (M.D. Tenn. Nov. 29, 2018) (applying Rule 59(e) to motion to reconsider clerk's denial of default and denying motion).

This Court has "considerable discretion" in deciding whether to grant a Rule 59(e) motion. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). Typically, the "extraordinary remedy" of granting a Rule 59(e) motion "should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). But because the Clerk's [11] denial of default was not a final judgment, this Court is "free to reconsider and reverse [that] decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210 (5th Cir. 2010) (internal quotation marks and quotation omitted).

III.   Analysis

This case raises an obscure issue: whether the Clerk of Court, under Federal Rule of Civil Procedure 55(a), may properly decline to enter default when an entry of default is requested. More particularly, whether the Clerk's duties under Rule 55(a) are perfunctory or whether they involve a more substantive inquiry into the sufficiency of service of process.

The Clerk's "function" at the entry of default stage "is not merely a perfunctory one." *United States v. Herlong*, 9 F.R.D. 194, 195 (W.D.S.C. 1949); *see*

3

*also* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (4th ed. 2020). Rather, he has a duty to "examine the affidavits filed and satisfy himself that they meet the requirements of [Rule] 55(a)." *Herlong*, 9 F.R.D. at 195. Because default cannot be entered without jurisdiction, and because jurisdiction requires proper service, the Clerk must have the authority under Rule 55(a) to inquire into the sufficiency of process. Otherwise, the Clerk would too often enter default against defendants the Court lacks jurisdiction over—a result that courts in this district have set aside in prior cases. *See, e.g.*, *Jackson v. Sweet Sensations, LLC*, No. 3:10-CV-664-TSL-MTP, 2011 WL 13232544, at *2 (S.D. Miss. Apr. 14, 2011); *Brown v. Bristol-Myers Squibb Co.*, No. 4:2-CV-301-LN, 2002 WL 34213425, at *5 (S.D. Miss. Nov. 2, 2002).

Further, the Federal Rules of Civil Procedure give authority to the Clerk under Rule 55 "for the obvious purpose of relieving the judge of some of [her] less complicated functions." *Herlong*, 9 F.R.D. at 196. If the Clerk could not inquire into the sufficiency of process, the Clerk's gate-keeping function under Rule 55(a) would all but wither away, and no purpose would remain of having a two-step process for obtaining a default judgment.

Against that backdrop, the Court turns to the inquiry here: whether the Clerk erred in declining to enter default. After filing a complaint, the Federal Rules of Civil Procedure "require the plaintiff to serve the defendant with process." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999) (citing Fed. R. Civ. P. 4(m)). After the plaintiff "effects service of process, . . . Rule 12 is

triggered and then the defendant must answer the complaint or risk default." *Id.* (citing Fed. R. Civ. P. 12). But until the plaintiff serves process, the defendant has "no duty to answer the complaint" or otherwise defend the action. *Id.* (citing *Broad. Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 282 (5th Cir. 1987)).

"Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment." *Benitez v. Atkins*, No. 1:17-CV-233-HSO-RHW, 2018 WL 2266517, at *2 (S.D. Miss. May 17, 2018) (citation omitted). Plaintiffs fail at the first step: a Clerk's entry of default under Federal Rule of Civil Procedure 55(a). That rule provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before default can be entered, however, "the party must have been effectively served with process." *Jackson*, 2011 WL 13232544, at *2 (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (3d ed. 1998) and setting aside entry of default for failure to properly effect service of process). When applying for an entry of default under Rule 55(a), Plaintiffs bear "the burden of establishing effective service of process." *Onpower, Inc. v. United Power Line Contractors, LLC*, No. 2:15-CV-796, 2016 WL 9049315, at *1 (M.D. Fla. Mar. 14, 2016) (citation omitted). Plaintiffs failed to meet that burden.

Plaintiffs argue that because "Hinds County has routinely accepted service of process in the exact manner that [P]laintiff[s] served [it]," the Clerk erred in denying to enter default. [12] at 3. But Plaintiffs did not properly serve the Board of

Supervisors for Hinds County. To do so, Plaintiffs must serve process on the President, Chancery Clerk, or Chief Executive Officer. *See* Fed. R. Civ. P. 4(j)(2); Miss. R. Civ. P. 4(d)(6). Plaintiffs' [4] Return shows that the process server served process on Linda F. Smith. As the Clerk noted, Smith is not the President, Chancery Clerk, or Chief Executive Officer of the Board. *See* [11]; [13-2]. Plaintiffs also did not serve Archie—an individual defendant—as "there [is no] indication that Ms. Smith is authorized to accept service of process on . . . Archie." [11]; *see also* [5]; Fed. R. Civ. P. 4(e); Miss. R. Civ. P. 4(d)(1). Accordingly, neither Defendant had a duty to answer or otherwise defend against the [3] Amended Complaint. *Rogers*, 167 F.3d at 937. And "[g]iven the improper service, the Court lacked jurisdiction over the matter and could not render a default judgment *or enter default*." *Colclough v. Gwinnett Pub. Sch.*, 734 F. App'x 660, 662 (11th Cir. 2018) (emphasis added). In short, "[w]hile Defendants have failed to file any documents in this case or otherwise defend this action as required by Rule 55(a), absent a showing by Plaintiffs that they properly effectuated service of process, an entry of default by the Clerk is not appropriate against Defendant[s]." *Onpower, Inc.*, 2016 WL 9049315, at *2 (citation omitted).

For these reasons, the Clerk did not commit a "clear error of law" in denying Plaintiffs' application for entry of default, and the Court need not alter or amend that decision to "prevent manifest injustice." *Insurasource, Inc.*, 2012 WL 1365083, at *2.

IV.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, the Court DENIES Plaintiffs' [12] Motion for Reconsideration. Additionally, pursuant to Federal Rule of Civil Procedure 4(m), the Court orders Plaintiffs to serve process within 30 days of the entry of this Order or risk dismissal without prejudice.

SO ORDERED, this 19th day of January, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE