UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DONNA YOWELL, et al.                                                                          PLAINTIFFS

V.                                          CIVIL ACTION NO. 3:23-CV-2969-KHJ-MTP

THE BOARD OF SUPERVISORS OF HINDS                                      DEFENDANTS
COUNTY, MISSISSIPPI, et al.

ORDER

On January 19, 2024, the Court denied Plaintiffs' [12] Motion for Reconsideration of Clerk's Denial of Default. [14]. Six days later, Plaintiff Rebecca Hale moved the Court for permission to file an interlocutory appeal of that denial Order [18]. The Court denies the motion.

Section 1292(b) governs permissive interlocutory appeals and provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). This rule creates a "narrow exception" to "Congressional policy against piecemeal appeals . . . as expressed in the final judgment rule." *In re Rolls Royce Corp.*, 775 F.3d 671, 676 (5th Cir. 2014).

This is not the "exceptional case[] that satisf[ies] the three requirements outlined in § 1292(b)," so it "should [not] be certified for interlocutory appeal."

*Banks v. Lakeland Nursing & Rehab. Ctr., LLC*, No. 3:22-CV-433, 2023 WL 2763152, at *1 (S.D. Miss. Apr. 3, 2023) (quotation omitted).

Hale fails to meet the "high" threshold for establishing a substantial ground for difference of opinion. *Doe v. Marriott Int'l, Inc.*, No. 3:22-CV-468, 2023 WL 138047, at *2 (S.D. Miss. Jan. 9, 2023) (quotation omitted). "A substantial ground for difference of opinion exists when there is a 'question about which reasonable jurists can . . . debate.'" *Id.* (quoting *Ainsworth v. Cargotec USA, Inc.*, No. 2:10-CV-236, 2011 WL 6291812, at *4 (S.D. Miss. Dec. 15, 2011)).

Hale's failure to serve process under the Federal Rules of Civil Procedure is beyond the debate of reasonable jurists. Hale did not correctly serve process on the Hinds County Board of Supervisors. *See* [14] at 5–6; Fed. R. Civ. P. 4(j)(2); Miss. R. Civ. P. 4(d)(6). Nor did she effectively serve David Archie. *See* [14] at 6; Fed. R. Civ. P. 4(e); Miss. R. Civ. P. 4(d)(1). Hale may disagree, but a party's "disagreement with a district court's ruling" is not a "substantial ground for difference of opinion" under Section 1292(b). *Marriott Int'l, Inc.*, 2023 WL 138047, at *2 (quotation omitted); *see also Banks*, 2023 WL 2763152, at *2.

If Hale wants to "materially advance the ultimate termination of th[is] litigation," [18] at 6, the best—and only—path forward is to serve process as the rules require. Then, and only then, will responsive pleadings come due. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999).

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, the Court DENIES Plaintiff's [18]

Motion Requesting Permission to File an Interlocutory Appeal.

SO ORDERED, this 26th day of January, 2024.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE
