UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

REBECCA HALE                                                                    PLAINTIFF

V.                                            CIVIL ACTION NO. 3:23-CV-2969-KHJ-MTP

THE BOARD OF SUPERVISORS OF                                      DEFENDANTS
HINDS COUNTY, MISSISSIPPI, et al.

ORDER

Before the Court is Defendant David Archie's [41] Motion to Dismiss, joined

in by Defendant Hinds County Board of Supervisors. Joinder Def.'s Mot. Dismiss

[52]. For the reasons stated below, the Court grants Archie's [41] Motion and

dismisses Hale's claims against the Board with prejudice, dismisses Hale's Section

1983 claims against Hinds County with prejudice, and dismisses Hale's Mississippi

Tort Claims Act (MTCA) claims against Hinds County without prejudice.

I.      Background

This is a 42 U.S.C. § 1983 case about constitutional violations allegedly

perpetrated when county officials got involved in a property-line dispute between

neighbors. In mid-2022, Plaintiff Rebecca Hale was working as a farmhand for

Donna Yowell on Yowell's flower farm in Bolton, Mississippi. Second Am. Compl.

[25] ¶¶ 1, 5, 10. Around that time, a property-line dispute developed between Yowell

and a neighboring family of ranchers, the Grays. *See id.* ¶ 10. Claiming an

easement[1] over Yowell's property, the Grays cut the fence dividing their land from Yowell's and started grazing their cattle on Yowell's farm. *Id.* Hale and other farmhands then placed gates across Yowell's driveway to keep the Grays' cattle out. *Id.* ¶ 11. The Grays responded by having Archie—the then Hinds County District 2 Supervisor—and Hinds County sheriff's deputies remove the gates from Yowell's driveway several times. *See id.* ¶¶ 1, 7, 11.

On February 22, 2023, matters finally came to a head. *See id.* ¶ 11. Shortly after midday, Archie, five Hinds County sheriff's deputies, and the Grays entered Yowell's property to deliver easement documents to her. *Id.* At the time, Hale—who lived in a house on Yowell's property—was alone in her bedroom with the door closed. *Id.* ¶ 5; Hale Narrative [25-2] at 1. The doors to the house were also closed, though they remained unlocked. [25-2] at 1. Hale heard a voice and movement in the house, and eventually, an unannounced Hinds County sheriff's deputy opened her bedroom door. *Id.* Without presenting a warrant, the deputy asked Hale if she "was alright" and then said that Hale "needed to come with her." *Id.* Hale complied and followed the deputy outside. *Id.* On the walk outside, the deputy asked if Hale had heard her knocking on the house door, but Hale had not heard any knocking. *Id.*

Upon exiting the farmhouse by the side door, Hale saw between 8 and 10 people gathered in front of the house. *Id.* She was beckoned to walk around to the

---

[1] Hale's [25] Second Amended Complaint alleges that the purported easement does not touch Yowell's property. [25] ¶ 12; *see also* Easement [25-3]; Easement Drawing [25-4].

front of the house. *Id.* Hale then asked if she could retrieve her shoes and glasses from inside, but she was not allowed to reenter the home. *Id.* After walking to the front porch, Hale saw a packet of papers taped to the front door of the house. *Id.* Archie then introduced himself to Hale, told her not to close the gate to Yowell's property anymore, and asked her to give Yowell the easement documents taped to the door. *Id.* at 2. Hale then took the easement documents and walked back inside the house. *Id.*

Seven months later, this lawsuit followed. Compl. [1]. Hale now sues the Hinds County Board of Supervisors, Archie in his official capacity, and four anonymous Hinds County sheriff's deputies in their official capacities. [25] ¶¶ 6–8. She brings two Section 1983 claims, alleging that she was (1) unlawfully seized and (2) subjected to racial discrimination[2] in violation of the Fourth and Fourteenth Amendments. *Id.* ¶¶ 14–15. Hale also brings claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence against all the defendants under the MTCA. *Id.* ¶ 17. Archie and the Hinds County Board of Supervisors now move to dismiss. [41]; [52]. They argue that Hale has failed to state a constitutional violation, failed to overcome the defendants' qualified immunity, and failed to overcome the defendants' discretionary function immunity under the MTCA. Mem. Supp. Mot. Dismiss [42] at 3, 6, 8; [52].

---

[2] Hale's [25] Second Amended Complaint states that she "is Caucasian[,] whereas Archie, the Hinds County Board of Supervisors, and all of the Hinds County Sheriff's deputies or constables who harassed [her] are African American." [25] ¶ 16.

II.    Standard

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails "to state a claim upon which relief can be granted." When reviewing a complaint under Rule 12(b)(6), the Court only considers the complaint, documents attached to or incorporated in it, and matters subject to judicial notice. *Allen v. Hays*, 65 F.4th 736, 742 n.3 (5th Cir. 2023). The Court must accept all factual allegations in the complaint as true, but it is not bound to accept legal conclusions framed as factual statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). To survive a motion to dismiss, a complaint must include enough factual allegations to state a facially plausible claim to relief. *Id.* at 678. A claim has facial plausibility if the Court may reasonably infer the defendant's culpability from the facts the plaintiff alleges. *Id.*

If a complaint fails to satisfy Rule 12(b)(6), courts should liberally grant leave to amend "when the plaintiff might be able to state a claim based on the underlying facts and circumstances." *Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 394 (5th Cir. 2024) (cleaned up). But if amendment would be futile, a Rule 12(b)(6) dismissal should be with prejudice. *See HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 345–46 (5th Cir. 2021); *see also Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").

III.    Analysis

Hale fails to state a claim against the Hinds County Board of Supervisors because the Board is not a suable entity. She likewise fails to state a Section 1983 claim against Hinds County because she does not allege that an official county policy caused her constitutional injury. And because the Court dismisses Hale's federal claims, it declines to exercise supplemental jurisdiction over her remaining MTCA claims against Hinds County.

A.  Claims Against the Hinds County Board of Supervisors

Hale cannot state a claim against the Hinds County Board of Supervisors because it is not amenable to suit.[3] State law determines an entity's capacity to sue or be sued. Fed. R. Civ. P. 17(b)(3). Under Mississippi law, "a county board of supervisors is not a separate legal entity capable of being sued." *Rowry v. City of Meridian*, No. 3:22-CV-68, 2023 WL 2605021, at *2 (S.D. Miss. Mar. 22, 2023) (cleaned up); *see also Bd. of Aldermen v. Off. of State Auditor*, 371 So. 3d 190, 192 n.3 (Miss. Ct. App. 2023) (collecting cases), *abrogated on other grounds by In re Will of Bray*, No. 2022-CT-11-SCT, 2024 WL 436589 (Miss. Feb. 1, 2024) (en banc). Thus, the Court dismisses all claims against the Hinds County Board of Supervisors with prejudice.

---

[3] The Board did not raise its unamenability to suit in its joinder to Archie's [41] Motion to Dismiss. *See* [52]. But it did raise the defense in its [30] Answer. [30] at 2.

B.  Official-Capacity Claims Against Hinds County

Hale also fails to state a Section 1983 claim against Hinds County, and the Court accordingly declines to exercise supplemental jurisdiction over her remaining MTCA claims. Though Hale did not name Hinds County as a defendant, her official-capacity claims against Archie and the sheriff's deputies are effectively against the county. *Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 624 (5th Cir. 2017).[4] But to maintain a Section 1983 claim against Hinds County, Hale must plausibly plead that the county itself violated her constitutional rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). She has not. Thus, the Court dismisses her Section 1983 claims with prejudice. Having dismissed Hale's federal claims, the Court declines to exercise jurisdiction over her MTCA claims and dismisses them without prejudice. *See* 28 U.S.C. § 1367(c)(3).

1.  Section 1983 Claims

Section 1983 provides that any person who, under color of state law, deprives another of "any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." § 1983. Municipalities may be sued under Section 1983 if they deprive someone of federal rights. *Connick*, 563 U.S. at 60. But municipalities may not be held vicariously liable for the acts of their employees. *Id.* Municipalities are only liable under Section 1983 when their own

---

[4] Archie's invocation of qualified immunity is inapt. *See* [42] at 6–7. Qualified immunity does not apply to official-capacity claims. *In re Foust*, 310 F.3d 849, 861 (5th Cir. 2002); *see also Stallworth v. Slaughter*, 436 F. App'x 337, 340 (5th Cir. 2011) (per curiam).

illegal acts—which are those taken according to official municipal policy—cause injury to a plaintiff. *Id.* Thus, to establish *Monell* liability, a plaintiff must show that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a" federal right. *St. Maron Props., L.L.C. v. City of Houston*, 78 F.4th 754, 760 (5th Cir. 2023) (cleaned up); *see also Brown v. Tarrant County*, 985 F.3d 489, 497 & n.11 (5th Cir. 2021) (noting that failure to establish any of the three prongs precludes *Monell* liability).

As for the first element, a plaintiff may establish official municipal policy in three ways. First, written policy statements, ordinances, or regulations can establish municipal policy. *St. Maron*, 78 F.4th at 760. Second, a plaintiff may point to "a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Id.* Third, on rare occasions, a single decision may constitute municipal policy when the municipality's final policymaker performs the specific act that triggers the Section 1983 claim. *Id.*

To satisfy the second element, the official policy must have been promulgated or adopted by the municipality's policymaker, which is "the decisionmaker [who] possesses final authority to establish municipal policy with respect to the action ordered." *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010) (cleaned up). State law determines the identity of a municipality's policymaker. *Id.* In Mississippi, a county sheriff is the final policymaker for all the county's law enforcement decisions. *Jauch v. Choctaw County*, 874 F.3d 425, 435 (5th Cir. 2017).[5]

_____

[5] To be clear, a Mississippi county's board of supervisors is also the final policymaker for some decisions in the county, such as certain employment decisions. *See, e.g., Griggs v.*

The third element of *Monell* liability requires that the official policy be the moving force behind the challenged violation of federal rights. *St. Maron*, 78 F.4th at 760. To establish moving force causation, a plaintiff must first show a direct causal link between the policy and the violation. *Valle*, 613 F.3d at 542. A plaintiff must then show that the policy was implemented with the requisite degree of culpability. *Id.* An "unconstitutional official policy renders a municipality culpable under [Section] 1983 . . . ." *Balle v. Nueces County*, 952 F.3d 552, 558 (5th Cir. 2017) (cleaned up). And a facially innocuous policy may also trigger liability if it was implemented with deliberate indifference to the known or obvious risk of ensuing violations of federal rights. *Id.*

"Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight." *Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) (cleaned up). To establish deliberate indifference, usually "a plaintiff must show a pattern of similar violations" to the one being challenged. *Valle*, 613 F.3d at 547. But deliberate indifference may also be established from a single incident when the municipality's policymaker ignores the high probability that a certain policy will result in the violation of federal rights. *Alvarez*, 904 F.3d at 390.

---

*Chickasaw County*, 930 F.3d 696, 704 (5th Cir. 2019); *Perkins v. Panola Cnty. Bd. of Supervisors*, 709 F. Supp. 3d 260, 268 (N.D. Miss. 2024). And when "the municipality's policymaker is a multimember board, the separate actions of individual members of the Board are not sufficient to bind the Board as an entity." *Griggs*, 930 F.3d at 704 (cleaned up).

Hale's Section 1983 claims against Hinds County fail because she does not allege the first element of *Monell* liability: an official policy. She does not claim that Hinds County had any written policies or widespread practices permitting sheriff's deputies to enter homes without a warrant, probable cause, or exigent circumstances. *See* [25] ¶¶ 10–13. Instead, Hale argues that "this one false arrest incident alone is sufficient to establish" an official policy because the sheriff's deputy who entered the farmhouse acted at Archie's direction. [48] at 10. And as a Hinds County Supervisor, Archie "was empowered to . . . establish policies whereby he commanded Hinds County law enforcement officers to do his illegal bidding." *Id.*

But the single-incident exception is "extremely narrow" and applies "only if the municipal actor is a final policymaker." *Valle*, 613 F.3d at 542. Since the Hinds County Sheriff is the county's final policymaker for law enforcement decisions, Archie's command is not law enforcement policy for the county. *See Jauch*, 874 F.3d at 435. Even if the Hinds County Board of Supervisors were the applicable final policymaker, Archie's individual actions would not bind the Board itself. *See Griggs*, 930 F.3d at 704; *see also* [48] at 10–11 (characterizing Archie as a rogue supervisor).

Hale also argues that Hinds County is liable for failing to train its sheriff's deputies "so that rogue supervisors could not weaponize them to do their illegal bidding . . . ." [48] at 10. To establish *Monell* liability on a failure-to-train claim, Hale must show "(1) that the municipality's training procedures were inadequate, (2) that the municipality was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in

question." *Ratliff v. Aransas County*, 948 F.3d 281, 285 (5th Cir. 2020) (cleaned up). Her [25] Second Amended Complaint, however, does not allege any facts about the training of sheriff's deputies in Hinds County. *See* [25].

Even if the Court could infer that the training procedures for Hinds County sheriff's deputies were inadequate based on this incident, Hale has not alleged facts approaching deliberate indifference. For one, she has not alleged a pattern of similar violations. *See Valle*, 613 F.3d at 547. And "the single-incident method of proving deliberate indifference is generally reserved for cases in which no training whatsoever occurred." *Sauceda v. City of San Benito*, 78 F.4th 174, 190 (5th Cir. 2023) (cleaned up). Since Hale has not alleged that the sheriff's deputy who entered her house received no training, she does not state a plausible failure-to-train claim.

As a result, the Court dismisses Hale's Section 1983 claims against Hinds County with prejudice. The allegations in the [25] Second Amended Complaint do not indicate that Hale "might be able to state a [*Monell*] claim based on the underlying facts and circumstances" if permitted leave to amend her pleadings again. *Ass'n of Am. Physicians*, 103 F.4th at 394 (cleaned up). First, Hale has already amended her pleadings twice. *See* First Am. Compl. [3]; [25]. Second, in her responses to Archie's [41] Motion to Dismiss, she has repeatedly stated her belief that the allegations in her [25] Second Amended Complaint were sufficient to plead a *Monell* claim. *See* [48] at 9–11; [53] at 3–4, 6; *see also Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). Third, she has not requested leave to

amend as to her *Monell* claim. *See* [48]; [53].[6] The Court thus concludes that Hale

has pled her best case for subjecting Hinds County to *Monell* liability. In such cases,

the Fifth Circuit has affirmed Rule 12(b)(6) dismissals with prejudice where no

further leave to amend was granted. *See, e.g.*, *Babb v. Dorman*, 33 F.3d 472, 479

(5th Cir. 1994); *Jacquez*, 801 F.2d at 792–93.

 2.  MTCA Claims

 Since the Court dismisses Hale's Section 1983 claims, it declines to exercise

supplemental jurisdiction over her remaining MTCA claims against Hinds County.

*See* § 1367(c)(3). The Court has discretion to decline supplemental jurisdiction

because it has dismissed all the federal claims here. *Id.* The Court's discretion is

guided by the "common law factors of judicial economy, convenience, fairness, and

comity." *Heggemeier v. Caldwell County*, 826 F.3d 861, 872 (5th Cir. 2016) (per

curiam) (cleaned up). This dismissal comes "during the pleading stage. No discovery

ha[s] taken place. [And a]ny trial [i]s a distant possibility . . . ." *Manyweather v.

Woodlawn Manor, Inc.*, 40 F.4th 237, 246 (5th Cir. 2022). Thus, the common-law

factors favor declining supplemental jurisdiction here. *See, e.g.*, *id.*

IV.  Conclusion

 For the reasons stated above, the Court GRANTS Archie's [41] Motion to

Dismiss Hale's [25] Second Amended Complaint. The Court DISMISSES Hale's

---

 [6] In her response, Hale requested leave to amend only so that she could add "the
right parties." [48] at 12. The Court denies that request as procedurally improper. *See* L.U.
Civ. R. 7(b)(3)(C) ("A response to a motion may not include a counter-motion in the same
document. Any motion must be an item docketed separately from a response.").

claims against the Hinds County Board of Supervisors and her official-capacity Section 1983 claims against Hinds County WITH PREJUDICE. The Court DISMISSES Hale's official-capacity MTCA claims against Hinds County WITHOUT PREJUDICE. The Court DENIES Hale's [49] Motion for Hearing on Archie's [41] Motion to Dismiss AS MOOT. The Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 9th day of December, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE